UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LOUIE D BARBE III ET AL**            **CASE NO. 2:21-CV-04311**

**VERSUS**                              **JUDGE JAMES D. CAIN, JR.**

**STRATEGIC CLAIM CONSULTANTS L L       MAGISTRATE JUDGE KAY**
**C ET AL**

### MEMORANDUM RULING

Before the court is a Motion to Dismiss or, in the alternative, Motion for More Definite Statement [doc. 7] filed under Federal Rules of Civil Procedure 12(b)(6) and 12(e) by defendants Strategic Claim Consultants LLC ("SCC") and Brandon Lewis. Plaintiffs oppose the motions. Doc. 11. Defendants have also filed a Motion [doc. 12] requesting that the court exclude from consideration certain exhibits attached to plaintiffs' opposition. Plaintiffs oppose this motion as well. Doc. 18.

### I.
### BACKGROUND

This suit arises from damage to properties owned by plaintiffs Louis D. Barbe III and Charvais Company, LLC ("Charvais") in Hurricane Laura, which struck Southwest Louisiana on August 27, 2020. According to the complaint, these properties were insured under a policy issued by Mt. Hawley Insurance Company ("Mt. Hawley"). Doc. 1, ¶¶ 12–14. Plaintiffs informed Mt. Hawley of the storm damage. *Id.* at ¶¶ 15–17. The properties were inspected by an adjuster working on Mt. Hawley's behalf between September 21 and September 26, 2020. *Id.* at ¶ 17. Based on these inspections and the resulting damage

estimates, Mt. Hawley remitted payments totaling $2,848,508.19 on the claim. *Id.* at ¶¶ 19–20. This amount did not include any compensation for lost business income or rental payments. *Id.* at ¶ 20.

By contract executed September 18, 2020, plaintiffs assert that they retained SCC, a public adjuster, "to assist in the preparation and documentation of all measures of loss and damages" from the storm at plaintiffs' properties. Doc. 1, att. 1. As to compensation the contract provides, in relevant part: "I (we) agree to assign SCC an hourly rate of $150 per hour, per claims handler. The SCC hourly rate for claims handlers will not exceed 7% of the collected indemnity." *Id.*

Plaintiffs allege that SCC's adjustments resulted in a damage estimate totaling $6,896,582.02 for all of the properties. Doc. 1, ¶ 25. Nevertheless, Mt. Hawley only issued payment for the undisputed amount of $2,848,508.19. *Id.* at ¶ 26. Plaintiffs allege that, "[c]ontrary to the custom of its industry, SCC did not demand that Mt. Hawley pay Barbe the $6,896,582.02 in damages SCC assessed" but instead instructed plaintiffs to execute Mt. Hawley's proof of loss document and submit it to Mt. Hawley for payment. *Id.* at ¶ 27. They further allege that, without plaintiffs' authorization, Mt. Hawley mailed the check for $2,848,508.19 directly to SCC and that SCC deposited this sum, deducting amounts for plaintiffs' construction contractor and its own disputed fees before remitting payments to plaintiffs. *Id.* at ¶¶ 28–44.

Plaintiffs also allege that SCC did not timely provide documentation requested by Mt. Hawley for their claims. *Id.* at ¶¶ 45–46. Finally, they allege that SCC was the subject of a cease and desist order and fines by the Department of Insurance due to SCC's failure

to obtain a public adjuster license and the contingency fee structure of its contract, which violates Louisiana Revised Statutes §§ 22:1703(A) and 1704(B)(2). *Id.* at ¶¶ 47–50.

Plaintiffs filed suit against SCC and its President/CEO, Brandon Lewis, in this court on December 15, 2021. They raised the following claims: (1) the contract is an absolute nullity; (2) in the alternative, SCC and Lewis breached the contract; (3) SCC and Lewis likewise breach their duty as public adjusters; and (4) SCC and Lewis violated the Louisiana Unfair Trade Practices Act. Doc. 1. Defendants now move to dismiss the contract-related claims raised by Charvais and against Lewis, on the grounds that neither is a party to the contract. Doc. 7. In the alternative, they request a more definite statement as to the basis of these claims. *Id.* Plaintiffs oppose the motion, arguing that Charvais is a party to the contract and producing certain exhibits in support of this position. Doc. 11. Defendants also move to exclude these exhibits on the grounds that they are not properly considered under Rule 12(b)(6) or as parol evidence to the contract. Doc. 12. Plaintiffs oppose this motion as well. Doc. 18.

## II.
## LAW & APPLICATION

### A. Legal Standards

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean*

*Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

In opposition to this motion, plaintiffs have presented several exhibits. *See* doc. 11 and attachments. Defendants request that the court exclude from consideration Exhibits 1–3, which are (1) the declarations page and related documents from the insurance policy with Mt. Hawley and (2) two sets of 2022 assessment listings for parcels insured under the policy, which show that plaintiff Charvais owned some of these properties. On the grounds that they are parol evidence and cannot be admitted to vary the terms of the contract between SCC and plaintiffs. Doc. 12. Defendants also request that the court exclude from consideration Exhibits 4–10, which include the check for the undisputed amount issued to plaintiffs and correspondence with defendant Brandon Lewis, on the grounds that this material is not suitable for consideration under Rule 12(b)(6). *Id.*

Federal Rule of Civil Procedure 12(d) gives the court discretion, when presented with material beyond the scope of a 12(b)(6) motion, to convert the motion into one for summary judgment. *Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 193 n. 3 (5th Cir. 1988). The material need not be presented by the movant in order for the court to find conversion warranted. Instead, "such matters include evidence introduced in opposition to a 12(b)(6) motion that 'provides some substantiation for and does not merely reiterate what is said in the pleadings.'" *Boateng v. BP, PLC*, 779 F. App'x 217, 219 (5th Cir. 2019) (quoting *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 785 (5th Cir. 2007)). As noted by Professors Wright and Miller, the court's discretion in this regard is "complete" but is guided by certain factors:

> This discretion generally will be exercised on the basis of the district court's determination of whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action. When the extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion in accordance with the standard set forth in Rule 56, the district court is likely to accept it; when it is scanty, incomplete, or inconclusive, the district court probably will reject it.

FED. PRAC. & PROC. § 1366 (3d ed.)

Here the materials presented appear to at least raise fact issues as to defendant Lewis and plaintiff Charvais's statuses in relation to the contract and to any unfair trade practices claim, which defendants have alleged is inextricably tied to the contract. The court notes, however, that this matter is in its infancy and that defendants have not had much opportunity to conduct their own discovery. Determining the extent to which the parol evidence rule and/or any of its exceptions apply could also necessitate further discovery.

Meanwhile, given the court's obligation to construe allegations in a light most favorable of plaintiff under Rule 12(b)(6), a swifter resolution may be brought about by allowing plaintiffs to amend and provide a more definite statement as to these relationships, supported by whatever documents plaintiffs choose to attach to the amended complaint. Accordingly, the court will deny the motion to dismiss, grant the motion to exclude and motion for a more definite statement, and provide plaintiffs with an additional 14 days to amend their complaint.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 7] will be denied and the Motion for More Definite Statement [doc. 7] and Motion to Exclude [doc. 12] will be granted. Plaintiffs must file an amended complaint within 14 days of this ruling.

**THUS DONE AND SIGNED** in Chambers this 12th day of April, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**